UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

EQUALITY ANDREWS,

                Plaintiff,        17-CV-6368 (MAT)

     -v-                                      **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____

**I.    INTRODUCTION**

Equality Andrews ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "defendant"), denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

**II.    PROCEDURAL BACKGROUND**

On July 12, 2013, Plaintiff protectively filed for DIB and SSI, alleging disability beginning June 28, 2013. (Administrative Transcript ("T.") 84). The claims were initially denied on October 24, 2013, and Plaintiff timely requested a hearing. (T. 114-26). A hearing was conducted on August 11, 2015, in

Rochester, New York by administrative law judge ("ALJ") John P. Costello. (T. 38-83). Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified.

The ALJ issued an unfavorable decision on October 27, 2015 (T. 8-28). Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. (T. 36). The Appeals Council denied Plaintiff's request for review on April 17, 2017, making the ALJ's decision the final decision of the Commissioner. (T. 1-4). This action followed.

**III. THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 28, 2013, the application date. T. 13. While the Plaintiff had been employed part-time continuously as a bus monitor since the onset date, her annual earnings fell below the threshold to be substantial gainful activity. *Id.*

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: myofascial pain syndrome, mild degenerative changes of the knee, obesity, mood disorder, and major depressive disorder. T. 14.

At step three, the ALJ found that Plaintiff's impairments, singularly or in combination, do not meet or medically equal the severity of a listed impairment. *Id.* In particular, the ALJ

2

considered Listings 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926 in reaching this determination. *Id.*

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) and 416.967(b), with the additional exertional limitation of only occasionally balancing and the additional non-exertional limitation of only performing simple, routine tasks. T. 16. At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a housekeeper. T. 22.

In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to find that, taking into account Plaintiff's age, education, work experience, and RFC, in addition to Plaintiff's past relevant work as a housekeeper, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of counter clerk, mail clerk, order clerk, and preparer. T. 22-23. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 24.

**IV. SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact,

3

provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart,* 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V. DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ placed undue reliance on the stale opinions of Dr. Adam Brownfeld and Dr. E. Selesner, rather than crediting the opinion of treating social worker, Licensed Mental Health Counselor ("LMHC") Charlene Reeves; (2) the ALJ erred in affording the opinion of Dr. Harbinder Toor limited weight; and (3) the ALJ erred in using Plaintiff's part-time work with accommodations and her activities of daily living to diminish her credibility. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the ALJ's decision.

4

**A.   Consideration of Medical Opinions**

Plaintiff argues the ALJ improperly weighed the opinions of consultative psychological examiner, Dr. Brownfeld, State agency reviewing psychologist, Dr. Selesner, treating therapist, LMHC Reeves, and consultative physical examiner, Dr. Toor. For the reasons discussed below, the Court agrees with the Commissioner that the ALJ reasonably weighed each opinion.

**1. Opinions of Dr. Brownfeld and Dr. Selesner**

Plaintiff argues Dr. Brownfeld and Dr. Selesner's opinions are stale and inconsistent with Plaintiff's treatment by LMHC Reeves at GMHC. The Court finds no merit in this argument.

Plaintiff initially filed for DIB and SSI on July 12, 2013. T. 84. Dr. Brownfeld performed a psychiatric consultative examination of Plaintiff on September 28, 2013 in which he opined Plaintiff would have no limitation in following and understanding simple directions, performing simple tasks independently, maintaining attention and concentration, and relating adequately with others. Dr. Brownfeld further opined Plaintiff would have mild limitations in maintaining a regular schedule, learning new tasks, performing complex tasks independently, but would not require supervision. Based on her legal history, she would have mild limitations making appropriate decisions. Finally, Dr. Brownfeld opined Plaintiff would have mild to moderate limitations appropriately dealing with stress due to her psychiatric symptoms. T. 503-06.

Dr. Selesner completed a psychiatric review technique and mental residual functional capacity evaluation on October 4, 2013. Dr. Selesner opined Plaintiff would have moderate limitations in the ability to understand, remember, and perform detailed tasks, but had no significant limitations in performing simple tasks. Dr. Selesner further opined Plaintiff is able to follow supervision and would likely benefit from having limited contact with co-workers and the public. T. 90; 93-95.

Plaintiff's contention that Dr. Brownfeld and Dr. Selesener's opinions were stale lacks merit. Both Dr. Brownfeld and Dr. Selesner's opinions fall within the relevant period and therefore are not "stale". The fact the opinions were made prior to Plaintiff's treatment by LMHC Reeves does not render them *per se* unreliable, as an ALJ has the duty to review the record as a whole, including medical opinions and any other relevant evidence received. *See* C.F.R. § 404.1527(b). The record does not support the conclusion that Plaintiff's condition had significantly deteriorated after the issuance of Dr. Brownfeld and Dr. Selesner's opinions such that they were rendered stale or incomplete. *See Carney v. Berryhill,* No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017) (medical opinion issued two years prior to ALJ's decision was not stale because there was no evidence that the claimant's condition had significantly deteriorated after the opinion was issued and it was consistent with the consultant's clinical examination and with the record as a whole).

Plaintiff also argues the ALJ erred in affording significant weight to the opinions of Dr. Brownfeld and Dr. Selesner. The Court finds no error in the weight accorded to these opinions. In according significant weight to Dr. Brownfeld and Selesner's opinions, the ALJ noted that both are acceptable medical sources and are familiar with Social Security regulations and the standard of disability. T. 20; 21. Furthermore, Dr. Brownfeld examined Plaintiff and submitted his opinion after the alleged onset date. Likewise, Dr. Selesner's evaluation of Plaintiff's records occurred after the alleged onset date. Finally, the ALJ gave significant consideration to the fact that both Dr. Brownfeld and Dr. Selesner's opinions were consistent with Plaintiff's longitudinal treatment history, clinical findings on examination, and Plaintiff's self-reported level of daily functioning, including her ability to care for her children and perform work on a regular basis. *Id*. These were appropriate considerations for the ALJ to take into account in determining what weight to afford the medical opinions of record.

Insofar as Dr. Brownfeld and Dr. Selesner's opinions conflict with LMHC Reeves' opinions, the Court notes that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002), and the ALJ "has the discretion to grant various degrees of weight to the opinion[s]" of record." *Heitz v. Comm'r of Soc. Sec.*, 201 F. Supp. 3d 413, 422 (S.D.N.Y. 2016). As discussed further below, the Court finds that the ALJ's weighing of LMHC Reeves' opinion was

7

appropriate and comported with the applicable regulations. As such, and considering Dr. Brownfeld and Dr. Selesner's familiarity with the Social Security regulations and the standards governing adjudication of disability claims, their qualifications as acceptable medical sources, and their opinions' consistency with Plaintiff's treatment and medical record as a whole, the Court finds the ALJ reasonably accorded their opinions significant weight.

### 2. Opinion of LMHC Reeves

Plaintiff argues the ALJ should have relied on the opinion of LMHC Reeves, who began counseling Plaintiff in November 2013. T. 614. LMHC Reeves completed employability assessments for Monroe County Department of Human Services on December 23, 2013 (T. 595-98); February 5, 2014 (T. 599-602); and December 19, 2014 (T. 603-06). The opinion format for employability determination was limited to checking a box for the functional limitation level that was observed at the time of the assessment. In the December 2013 and February 2014 assessments, LMHC Reeves drew a continuous line down the "moderate functional limitations" section for all abilities, including the ability to understand, remember, and carry out simple instructions; maintain attention and concentration; maintain a regular schedule, maintain regular standards of hygiene and grooming; and perform low stress and simple tasks. T. 597; 601. The treatment notes corresponding with the December 2013 assessment note Plaintiff's appearance as well groomed. *See* T. 619. Subsequent treatment notes also note Plaintiff as well groomed. *See* T. 621;

8

626; 628.  No explanation was provided by LMHC Reeves for the hygiene and grooming inconsistencies between the assessments and the treatment notes.  In the December 2014 assessment, LMHC Reeves did not identify any functional limitations at all, and instead left completely blank the portion of the form where she was asked to do so.  T. 605.  Ms. Reeves further opined that Plaintiff was capable of continuing at her present job for 15-20 hours. *Id.*

As a threshold matter, the Court notes that mental health counselors are "not an acceptable treating source as defined by the Commissioner." *Esteves v. Barnhart,* 492 F. Supp. 2d 275, 281 (W.D.N.Y. 2007).  "Acceptable medical sources" include licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). Moreover, an ALJ may reject the opinion of a mental health counselor where it is inconsistent with the claimant's treatment records. *Bulavinetz v. Astrue,* 663 F. Supp. 2d 208, 212 (W.D.N.Y. 2009).

In his decision, the ALJ gave some weight to LMHC Reeves' opinions. He noted that although LMHC Reeves was not an acceptable medical source, her opinions based on her first-hand knowledge of Plaintiff as a treating source were accorded consideration pursuant to SSR 06-3p. T. 21. The ALJ also noted that each of LMHC Reeves' opinions included the assessment that Plaintiff was capable of some work; she also noted in her opinions that Plaintiff has been able to perform satisfactorily at work. *Id.*

9

As noted above, Ms. Reeves' opinions were, in some respects, inconsistent with her own treatment notes regarding Plaintiff. Moreover, and as the ALJ noted, Ms. Reeves failed in her most recent opinion to identify any functional limitations that Plaintiff would have, but instead left that part of the form blank. Nevertheless, the ALJ did not discount the opinions entirely, but afforded them some weight. The ALJ further noted that LMHC Reeves had consistently opined that Plaintiff was capable of some work, a finding which the ALJ credited.

The Court finds no error in the ALJ's assessment of LMHC Reeves' opinions. The ALJ expressly took into account the treating relationship between LMHC Reeves and Plaintiff, and explained the reasons he gave the opinions only some weight. The ALJ therefore complied with the regulations and the Court does not find a basis for remand.

### 3. Opinion of Dr. Toor

Plaintiff argues it was error for the ALJ to grant only limited weight to the opinion of Dr. Harbinder Toor, who performed an internal medicine consultative examination on Plaintiff on September 28, 2013. *See* T. 499-502. For the medical source statement, Dr. Toor opined Plaintiff had moderate to severe limitation standing, walking, bending, and lifting. He noted Plaintiff's pain interfered with her balance and she had moderate limitation for sitting for long periods. T. 501. On examination, Dr. Toor noted that Plaintiff needed no assistance changing, but refused to walk on heels and toes, squat, remove her back brace for

10

the exam, or lie on the exam table. T. 500. Plaintiff appeared to be in moderate pain, with a normal stance, walked with an abnormal gait, slightly limped toward the right side, and was able to rise from her chair with difficulty. *Id*. Plaintiff's musculoskeletal exam was generally benign. Her cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. There was no scoliosis, kyphosis, or abnormality in the thoracic spine. The lumbar spine showed forward flexion of 10 degrees, extension of 0 degrees, lateral flexion and rotary movement of 10 degrees bilaterally. Plaintiff had a full range of motion of her shoulders, elbows, forearms, wrists, hips, knees, and ankles bilaterally. Her joints were stable and nontender; there were no evident subluxations, contractures, ankylosis, or thickening. Plaintiff's grip strength of 5/5 bilaterally. T. 500-01.

As a consulting source, Dr. Toor's opinion was entitled to no special deference. *See Lamorey v. Barnhart*, 158 F. App'x 361, 363 (2d Cir. 2006). An ALJ is entitled to weigh all of the evidence of record when making an RFC finding. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The regulations include medical history, clinical findings, and prescribed treatment, among others, as medical evidence to be considered when determining an RFC. *See* 20 C.F.R. §§ 404.1513.

The ALJ's decision lays out several medical exams, both prior to and following Dr. Toor's consultative exam, that were inconsistent with Dr. Toor's opinion. On March 29, 2013, Dr. Hyun

11

Yoo examined Plaintiff and noted that although Plaintiff complained of occasional radicular pain, there were no sensory deficits and her most recent MRI was normal. T. 464. The ALJ also pointed out that a lumbar x-ray taken September 11, 2014, showed normal alignment of L1-L5; vertebral height and disc spaces were maintained and no fracture or interval changes were seen. T. 18.

On July 25, 2013, Plaintiff saw Dr. Eun Lee for her back pain. In the treatment notes, Dr. Lee noted that a lumbar MRI performed on February 5, 2013, showed no posterior disc herniation, spinal canal stenosis, or neural foraminal encroachment at all lumbar and visualized lower thoracic levels. T. 468. Dr. Lee encouraged Plaintiff to engage in therapeutic exercise, specifically aquatic therapy. *Id*. Plaintiff's January 8, 2015 examination by Dr. Lee showed functional range of motion in the bilateral lower extremities, stable gait and normal balance, and normal strength. Plaintiff reported to Dr. Lee that her past trigger point injections had significantly helped with her pain and she was able to move a lot better for about one month after the injection. Dr. Lee administered 1% lidocaine injections and suggested more frequent trigger point injections. T. 673-75.

Plaintiff's medical record also includes several treatment notes and opinions prior to the alleged disability onset date of June 28, 2013, primarily for the ongoing treatment of Plaintiff's complaints of chronic lower back pain and the Worker's Compensation Board's review. As the ALJ notes in the decision, these opinions were accorded limited weight due to being made prior to Plaintiff's

alleged onset date; however, the opinions were made following exams for the same chronic back pain Plaintiff bases this claim on. Furthermore, the opinions are consistent with the overall RFC of the ALJ's decision. *See* T. 17-18. Of note, based on a September 18, 2009 examination, Independent Medical Examiner Dr. John Orsini opined for the Worker's Compensation Board that "[his] impression is that any degree of mild muscular ligamentous strain which may have been related to the initial injury from 2007 is likely healed, and that any ongoing symptoms are unrelated given the entirely benign nature of workup and imaging performed in 2007. . . . Objective findings do not lend themselves to offering any limitations on work. Subjective reports of pain would limit her from any heavy lifting greater than 50 pounds." T. 86-87; 309-12.

Upon review of Plaintiff's medical record as a whole, the ALJ properly found that Dr. Toor's opinion of moderate to severe limitations in standing, walking, bending, and lifting was unsupported by other medical evidence of the record, as well as the findings of his own examination. For the foregoing reasons, the Court does not find that the ALJ erred in granting limited weight to Dr. Toor's opinion.

**B. Consideration of Plaintiff's Part-Time Work and Activities of Daily Living**

Plaintiff's final argument is that the ALJ erred in relying upon Plaintiff's part-time work with accommodations and her activities of daily living to diminish her credibility. The Court finds no error in the ALJ's consideration of Plaintiff's work and daily activities.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 12-CV-6308 (MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). While the Commissioner's regulations set forth seven factors the ALJ is to consider in assessing credibility, the ALJ is not required to explicitly discuss each of the factors, so long as he sets forth the reasoning for his credibility determination and that determination is adequately supported by the evidence. "[T]he predominant focus of a credibility analysis must be the entire case record as a whole, and ... the adjudicator [need only] show specific cause, grounded in evidence, for his or her conclusion." *Snyder v. Barnhart*, 323 F. Supp. 2d 542, 547 (S.D.N.Y. 2004). "Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Andrisani v. Colvin*, 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) (internal quotation omitted).

In finding that Plaintiff was less than fully credible, the ALJ noted, among other things, that Plaintiff's subjective complaints were inconsistent with her self-reported activities of daily living and her ability to engage in part-time work. "An ALJ is entitled to take a plaintiff's activities of daily living into account in making a credibility determination." *Pennock v. Comm'r*

14

*of Soc. Sec.*, 7:14-CV-1524 (GTS/WBC), 2016 WL 1128126, at *5 (N.D.N.Y. Feb. 23, 2016), *report and recommendation adopted*, 2016 WL 1122065 (N.D.N.Y. Mar. 22, 2016). Contrary to Plaintiff's argument, "[t]he issue is not whether [plaintiff's] limited ability to undertake normal daily activities demonstrates her ability to work. Rather, the issue is whether the ALJ properly discounted [plaintiff's] testimony regarding her symptoms to the extent that it is inconsistent with other evidence." *Morris v. Comm'r of Soc. Sec.*, 5:12-cv-1795 (MAD/CFH), 2014 WL 1451996, at *8 (N.D.N.Y. Apr. 14, 2014). Plaintiff's testimony that she is able to do her laundry, make simple meals, sweep floors, wash dishes, and occasionally drive (*see* T. 76-79.), coupled with her ability to maintain a work schedule and care for her two children, comport with the ALJ's RFC. Furthermore, the RFC takes into consideration Plaintiff's reduced ability to perform the full range of light work, noting Plaintiff would be limited to only performing simple, routine tasks, and occasionally balancing. T. 16.

For the foregoing reasons, the Court finds the ALJ did not err in his finding that Plaintiff was not entirely credible concerning her statements of the intensity, persistence, and limiting effects of her symptoms.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted.

Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: May 4, 2018
Rochester, New York